## CALVO v. CHARLOTTE, COLUMBIA & AUGUSTA R. R. CO.

1. A locomotive engineer and a section-master of track-workers are not fellow-servants in the sense that the railroad company employing them would not be liable to one for damages resulting to him from the negligence of the other.

2. Where an engine is thrown from the track and the engineer injured through the negligent violation of the rules of the company by a section-master, the company is liable to the engineer, the section-master being a representative of the company.

Before WALLACE, J., Richland, November, 1884.

This was an action by Horace E. Calvo for damages, commenced in February, 1884.   The opinion states the case.

*Mr. J. M. McMaster*, for appellant, upon the point decided by the court, *cited* 18 *S. C.*, 271, 275; 78 *Va.*, 745; 112 *U. S.*, 377; 93 *Ill.*, 302; 6 *Heisk.*, 347; 110 *Mass.*, 240; 48 *Me.*, 113; 38 *Wisc.*. 298; 45 *Ill.*, 197; 58 *Id.*, 272; 77 *Id.*, 391; 2 *Duval*, 114; 37 *Mich.*, 205; 52 *Ill.*, 401; 62 *Mo.*, 326; 63 *Id.*, 397; 9 *Heisk.*, 27, 866; 64 *N. Y.*, 12; 49 *Id.*, 521; 3 *Fost. & F.*, 622; 11 *R. I.*, 152; 78 *Pa. St.*, 25; 2 *Thomp. Negl.*, 985; *Pierce R. R.*, 376; *Shear. & Redf. Negl.*, §§ 100, 102; *Whart. Negl.*, § 222.

*Mr. J. H. Rion*, contra, *cited* 15 *Rich.*, 204; 117 *E. C. L. R.*, 579; 2 *H. & C. Exch.*, 109; 109 *U. S.*, 483; *Wood M. & S.*, § 425; *Shear. & Redf. Negl.*, 109; 2 *Rorer Rail.*, 1193; 18 *Reporter*, 814, 831, 114; 19 *Id.*, 95; 86 *Pa. St.*, 432; 10 *Cush.*, 228; 31 *Ohio St.*, 196; 17 *Id.*, 197; 5 *Am. & Eng. R. R. Cas.*, 516; 2 *Id.*, 97; 70 *Me.*, 60; 129 *Mass.*, 268.

October 27, 1885.  The opinion of the court was delivered by

MR. JUSTICE McIVER.   The plaintiff, who is a locomotive engineer, brings this action to recover damages for an injury sustained while serving the defendant in that capacity.   It seems that on March 22, 1881, the defendant was directed to take an extra freight train from Columbia to Charlotte, which train was to be run under the signals of a passenger train which preceded him. On reaching a point between Cornwall and Chester plaintiff's engine was thrown from the track, whereby he received the injuries complained of.   It appears that one Wooten, a section-master and supervisor of the track-laying force, had taken up the track at that point for the purpose of repairs, and that this was the cause of the disaster.

The testimony tended to show that Wooten disregarded the signal carried by the preceding passenger train, which indicated that it was followed by another train, and did not wait for the

passage of such train, as required by the rules of the company, before taking up the track ; and also neglected to place the proper signal to warn an approaching train that the track was not in condition to be used, as required by another rule of the company.

At the close of the testimony, the defendant's counsel submitted a motion for a non-suit, "on the ground that the defendant was not liable for the injury, for it was the result of the negligence of a fellow-servant, viz., that the plaintiff, Calvo, was a fellow servant with Wooten, the section-master." The motion was granted, though upon what ground is not stated in the order granting the motion, but as there was certainly some evidence of the negligence of Wooten, we will assume that it was upon the ground that the plaintiff and Wooten were fellow-servants and that, therefore, the company was not liable, as this seems to be assumed in the argument.

So that the only question for us to determine, is whether a locomotive engineer and a section-master are fellow-servants in the sense that the company would not be liable to one for the negligence of the other. The question as to who are fellow-servants in this sense has given rise to no little conflict of opinion, and the decisions elsewhere are conflicting. The only cases in this State where this question has been distinctly considered are *Gunter* v. *Graniteville Manufacturing Co.* (18 *S. C.*, 262), followed by *Lasure* v. *Graniteville Manufacturing Co.* (*Ibid.*, 275), and recognized in *Couch* v. *Charlotte, Columbia & Augusta R. R. Co.* (22 *S. C.*, 557). It is there determined that in order to ascertain whether a given employee is the representative of the master, or a fellow-servant with other employees, "the true test is whether the person in question is employed to do any of the duties of the master ; if so, then he cannot be regarded as a fellow-servant or co-laborer with the operatives, but is the representative of the master, and any negligence on his part in the performance of the duty of the master thus delegated to him, must be regarded as the negligence of the master."

So that the practical inquiry in this case is, whether Wooten, the section-master, was the representative of the defendant. Was he employed to do any of the duties of the company ? If so,

then the company is liable to the plaintiff for any injuries he may have sustained by reason of the negligence of Wooten. But if not, then the company would not be liable. As we understand it, the main duty of the section-master is to keep the track in order so as to insure, as far as practicable, the safety of the trains continually passing over it. Now, it is well settled that it is the duty of the master, not only to provide his servants, in the first instance, with suitable and safe machinery and other appliances to do the work for which they are employed, but also to keep the same in proper repair, and any negligence in the performance of such duty, whether done by the master in person, or by subordinate agents selected by him for the purpose, would render the master liable for any injury sustained by one of his servants by reason of such negligence.

In the case of corporations this duty, as well as all others, must necessarily be committed to subordinate agents, and the fact that these subordinate agents, as in the present case, are subjected, in the performance of such duty, to the supervision of other and higher officers, cannot affect the question. The fact that the section-master is under the supervision of the road-master, and he, in turn, is under the supervision of the general superintendent, does not alter the nature of the duty which he is employed to do. The question is as to the nature of the duty, not as to the rank or grade of the person employed to perform it. Is it a duty which the master owes to his servants? Under the well settled rule above mentioned, we think that nothing can be clearer than that it is the duty of a railroad company to provide a suitable and safe track over which its locomotive engineers and other servants of that class are required to run its trains, and that negligence on the part of those to whom it commits such duty, is the negligence of the company.

These views are fully supported, not only by *Gunter's Case,* *supra,* and the authorities therein cited, but also by other cases. In *Lewis* v. *St. Louis & Iron Mountain Railroad Co.* (59 *Mo.,* 495; *S. C.* 21 *Am. Rep.,* 385), it was held that the company was liable to a brakeman for injuries sustained by reason of negligence of the section-master, to whom was committed the duty of keeping the road-bed in proper repair, in performing that

34

duty. The court held that they were not fellow-servants, and that the negligence of the section-master was the negligence of the company. The court, after laying it down as an established rule that it is the duty of a railroad company to keep its road-bed in proper repair, so as to insure, as far as practicable, the safety of those who may use it, whether passengers or servants, and after saying that this duty was committed to the section foreman, or master, used this language : "It is true, in one sense, the section foreman, whose duty it was to superintend the track and keep it clear and safe, was a fellow-servant, as all are, to a certain extent, fellow-servants, who are engaged in the same business or enterprise ; but he represented the company in the line of his duty—he was the company in that regard—and his negligence was the company's negligence, in a matter in which it owed a duty and obligation to its servants."

In *Davis* v. *Central Vermont Railroad Company* (55 *Vt.*, 84; *S. C.* 45 *Am. Rep.*, 590), it was held that where a fireman was killed by the washing out of a culvert, caused by the negligence of the company's bridge builder in constructing and of the road-master in repairing the culvert, although they were ordinarily skilful and careful in their several employments, the company was held liable, upon the ground that it was the duty of the company to provide and maintain a safe road-bed, and the negligence of the subordinate, to whom this duty was committed, was the negligence of the company. This is the language used by the court : "The bridge-builder and road-master, while inspecting and caring for the defectively constructed culvert, were performing a duty which, as between the intestate and defendant, it was the duty of the defendant to perform. Their negligence therein was the negligence of the defendant."

The case of *Moon* v. *Richmond & Alleghany R. R. Co.* (78 *Va.*, 745; *S. C.* 49 *Am. Rep.*,    ) was very much like the one now under consideration. It was there held that a section-master and train hand, or brakeman, were not fellow-servants in the sense that would exempt the company from liability for injuries sustained by the train hand by reason of the negligence of the section-master. The court said : "Where a company delegates to an agent or employee the performance of duties which the law

makes it incumbent on the company to perform, his acts are the acts of the company—his negligence is the negligence of the company"—and then went on to show that it was the duty of a railroad company to provide and maintain a suitable and safe roadway for the use of its trains. See, also, the case of *Gilmore* v. *Northern Pacific Ry. Co.* (15 *Am. & Eng. Railway Cas.*, 304), where many authorities upon the subject are collected in a note.

Under the view which we have taken of this case, the question whether the rule which exempts a master from liability for injuries sustained by one of his servants, by reason of the negligence of a fellow-servant, should be abrogated, which was so elaborately argued by the counsel for appellant, does not arise, and has not, therefore, been considered.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.